UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | | |
|---|---|---|
| RUSTY WEDDLE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 0: 21-067-WOB |
| | ) | |
| v. | ) | |
| | ) | |
| KEITH HELTON, ET AL., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Rusty Weddle is an inmate at the Little Sandy Correctional Complex in Sandy Hook, Kentucky. Proceeding without a lawyer, Weddle recently filed a civil rights complaint with this Court pursuant to 42 U.S.C. § 1983. [R. 1]. The Court has conducted an initial review of that complaint as required by 28 U.S.C. § 1915A. Since there are multiple problems with Weddle's submission in this action, the Court will dismiss his current complaint without prejudice to his right to properly initiate a new action.

As an initial matter, Weddle's complaint is not on a form approved for use by this Court, as required by Local Rule 5.3. A *pro se* civil rights complaint filed under § 1983 should be submitted on this Court's approved E.D. Ky. 520 Civil Rights Complaint form, *see* LR 5.3(a), and Weddle has not completed and filed that form, as required.

Moreover, as presently drafted, Weddle's submission is vague and fails to clearly state a claim upon which relief may be granted. To be sure, Weddle appears to be alleging that certain prison employees intercepted his legal mail and insisted on providing him with copies of the documents in question, rather than the originals. [*See* R. 1 at 4-5]. Weddle also suggests that the copies were incomplete because "important information was missing," and he claims that the

copies he was provided were "on paper too big to even fit in a[n] envelope." [*Id.* at 4]. Weddle then suggests that these alleged facts prevented him from filing a timely postconviction motion, either in state or federal court. [*See id.* at 4-5]. That said, Weddle does not identify—at least in any clear way—the underlying claim or claims the prison employees' actions prevented him from pursuing.

The United States Court of Appeals for the Sixth Circuit has made it clear that to plead a First Amendment "access-to-court claim, a plaintiff must allege *actual prejudice* to pending or contemplated litigation challenging the prisoner's conviction or conditions of confinement." *Thomas v. Dickson*, No. 18-2317, 2019 WL 6005487, at *2 (6th Cir. 2019) (emphasis added) (citations omitted). The Sixth Circuit has further explained that, to plead prejudice, the plaintiff must "identify a nonfrivolous, arguable underlying claim that the defendants' actions prevented him from pursuing." *Id.* (quotation marks and citation omitted). In other words, "an access-to-court claim is, in essence, 'a case within a case,' and the plaintiff therefore must allege 'the law and facts sufficient to establish both the interference with his access to the courts, and the non-frivolous nature of the claim that was lost.'" *Id.* (quoting *Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011)).

Here, Weddle has alleged some facts related to interference. [*See* R. 1 at 4-5]. However, he has not yet clearly described the nature of his underlying claims (i.e., those claims he intends to pursue in a postconviction motion), and he certainly has not alleged either the law or facts sufficient to establish the merit of those claims. Thus, as presently drafted, Weddle's complaint is simply insufficient.

In light of the foregoing problems, the Court will dismiss Weddle's current complaint. That said, the Court's dismissal will be without prejudice. This means that Weddle may still file

a new civil rights action regarding the matter raised in his present submission, and the Court will even send him a copy of the Court-approved forms to do so.  If Weddle does choose to file a new civil action, he must complete the Court's approved E.D. Ky. 520 Civil Rights Complaint Form in its entirety and file it with the Court.  Finally, Weddle must also either pay the $402.00 in filing and administrative fees or complete the following steps to pursue pauper status:  (a) fill out the Application to Proceed in District Court Without Prepaying Fees or Costs [AO 240 Form]; (b) have prison staff complete and sign a Certificate of Inmate Account Form [E.D. Ky. 523 Form]; and (c) file both documents with the Court.

Accordingly, it is **ORDERED** as follows:

1. Weddle's complaint [R. 1] is **DISMISSED WITHOUT PREJUDICE** to his right to file a new civil rights action regarding the matter raised in his initial pleading.

2. All pending motions are **DENIED** as moot.

3. This action is **STRICKEN** from the docket.

4. The Clerk's Office is directed to send Weddle the following blank forms:

    a. a Court-approved Civil Rights Complaint form [E.D. Ky. 520 Form];

    b. an Application to Proceed in District Court Without Prepaying Fees or Costs [AO 240 Form]; and

    c. a Certificate of Inmate Account form [E.D. Ky. 523 Form].

5. If Weddle wishes to file a new civil rights action, he may do so by proceeding in accordance with the instructions set forth above.

6. The Court will enter a corresponding Judgment.

This 23rd day of August, 2021.



Signed By:
William O. Bertelsman   WOB
United States District Judge

-4-